IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DEREK LIND, and**
**CORY BATES**                                                                                    **PLAINTIFFS**

v.                                  **CASE NO. 04:11-CV-0688 DPM**

**WATERGATE LITTLE ROCK APARTMENT PORTFOLIO, LLC;**
**WATERGATE APARTMENTS; and**
**BELL PARTNERS, INC.**                                                                       **DEFENDANTS**

### DEFENDANTS' ANSWER AND MOTION TO DISMISS
### NON-ENTITY "WATERGATE APARTMENTS"

COME NOW Defendants Watergate Little Rock Apartment Portfolio, LLC and Bell Partners, Inc. ("Defendants"), by and through counsel, Cox, Sterling & McClure, PLLC, and for their Answer to the Complaint ("Complaint") of Plaintiffs, Derek Lind and Cory Bates ("Plaintiffs"), and for their Motion to Dismiss non-entity "Watergate Apartments" and hereby state:

1. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, deny same.

2. Defendants admit that Watergate Little Rock Apartment Portfolio, LLC is a Limited Liability Company authorized to do and doing business in the Eastern District of Arkansas. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny that Watergate Apartments is a legal entity in Arkansas or otherwise, to the best of its knowledge and belief, and hereby moves to dismiss said party

1

pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

    4.      Defendants admit Bell Partners, Inc. is a foreign corporation with its principle place of business in Greensboro, North Carolina.  Defendants deny the remaining allegations contained in Paragraph 4 of the Complaint.

    5.      Defendants admit the nature of the claims being made by Plaintiffs. Defendants deny the remaining allegations of Paragraph 5 of the Complaint and specifically deny liability for any of the claims made by Plaintiffs.

    6.      Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, deny same.

    7.      Defendants admit that Watergate Little Rock Apartment Portfolio, LLC is the owner of the premises located at 8101 Cantrell Road, Little Rock, Arkansas, 72217.  Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

    8.      Defendants admit that Watergate Little Rock Apartment Portfolio, LLC is the owner of the premises located at 8101 Cantrell Road, Little Rock, Arkansas, 72217.  Defendants deny the remaining allegations of Paragraph 8 of the Complaint.

## FACTS

    9.      Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and, therefore, deny same.

    10.      Defendants admit the nature of the claims being made by Plaintiffs. Defendants deny the remaining allegations of Paragraph 10 of the Complaint and specifically deny liability for any of the claims made by Plaintiffs.

11. Defendants admit the nature of the claims being made by Plaintiffs. Defendants deny the remaining allegations of Paragraph 11 of the Complaint and specifically deny liability for any of the claims made by Plaintiffs.

12. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, deny same.

13. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, deny same.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## COUNT I

Defendants restate and incorporate their responses to Paragraphs 1 through 16 as if fully set forth herein word-for-word.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny each and every material allegations not specifically and expressly admitted herein.

**AFFIRMATIVE DEFENSES**

22.     Defendants have had no opportunity to conduct discovery and only a limited opportunity to investigate this matter. Therefore, they affirmatively plead the following defenses:

   a. all the defenses under Rule 12, including insufficiency of process, and insufficiency of service of process under Rules 12(b) of the Federal Rules of Civil Procedure;

   b. Failure to join a necessary party;

   c. Pendency of another action between the same parties arising out of the same transaction or occurrence; and

   d. Each of the defenses found in Rule 8 of the Federal Rules of Civil Procedure including, but not limited to, accord and satisfaction, assumption of risk, contributory negligence, estoppel, fraud, illegality, laches, payment or partial payment, release or partial release, res judicata, collateral estoppel, unclean hands, set-off, statute of limitations, and waiver.

23.     Defendants specifically and affirmatively assert that Plaintiffs were not exposed to lead paint, with sufficient frequency, regularity, or proximity such that it is probable that said exposure caused the Plaintiffs' alleged injuries.

24.     Further pleading affirmatively, and although continuing to deny any liability to Plaintiffs under the allegations of the Complaint, Defendants hereby assert the doctrine of efficient intervening proximate causation as a complete bar to any recovery herein by Plaintiffs.

25. Defendants affirmatively plead the doctrine of comparative fault and specifically request a comparison of fault as to all parties.

26. Pleading affirmatively and continuing to deny any liability or fault, in the event Defendants should have any liability or fault, this will arise from the actions of other parties to this action. Therefore, Defendants pray for and are entitled to judgment for contribution or indemnity over and against the other parties to this action.

27. Defendants specifically and affirmatively assert that Plaintiffs' alleged injuries were caused by someone other than Defendants.

28. Defendants specifically and affirmatively assert the defense of failure to state a claim as to it under Rule 12(b)(6) and move to dismiss the claims against them.

29. Defendants specifically reserve the right to assert any and all additional affirmative defenses, third-party claims, and counterclaims which this proceeding and discovery may reveal to be appropriate

30. Defendants specifically reserve the right to plead further, specifically including, but not limited to, the filing of a motion to dismiss.

WHEREFORE, Defendants Watergate Little Rock Apartment Portfolio, LLC and Bell Partners, Inc. pray that the Court, dismiss this action as to them and the non-entity "Watergate Apartments," for their attorneys fees and costs, and for all other legal or equitable relief to which this Court deems just and proper.

        Respectfully submitted,

        COX, STERLING & McCLURE, PLLC
        8712 Counts Massie Rd.
        North Little Rock, AR 72113
        Phone: (501) 954-8073
        Facsimile: (501) 954-7856

By:   /s/ David W. Sterling
        David W. Sterling AR BIN 97182
        dwsterling@coxandsterling.com

        *ATTORNEYS FOR DEFENDANTS*
        *WATERGATE LITTLE ROCK APARTMENT*
        *PORTFOLIO, LLC*
        *and BELL PARTNERS, INC.*

## CERTIFICATE OF SERVICE

On September 30, 2011, a copy of the above pleading was served on the following counsel of record via U.S. Mail First Class Delivery and/or electronically served through the Court's ECF system:

Willard Proctor, Jr., Esq.
Willard Proctor, Jr., P.A.
2100 Wolfe Street
Little Rock, Arkansas 72202-6258
wproctorjr@aol.com

*ATTORNEYS FOR PLAINTIFFS*

        /s/ David W. Sterling
        David W. Sterling